Jerome **FAULCON**, Plaintiff,

v.

Robert **JORDAN**, Ulster County New York Commissioner of Jurors, and Penny Stinton, Clerk of City Court of Kingston, New York, in their Individual and Official Capacity, and City of Kingston, New York, a Municipal Corporation, Defendants.

No. 95–CV–0496.

United States District Court, N.D. New York.

Dec. 27, 1995.

---

Ricken, Goldman, Sussman & Blythe, Kingston, NY, for plaintiff, Allan Sussman, of counsel.

Office of Court Admin., New York City, for defendant Jordan, Lawrence K. Marks, of counsel.

Robert D. Cook, Corporation Counsel, City of Kingston, Kingston, NY, for defendants Stinton and City of Kingston, Donna K. Hintz, of counsel.

## MEMORANDUM-DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff, JEROME FAULCON, brings this action pursuant to 42 U.S.C. § 1983 challenging the constitutionality of New York Judiciary Law § 520, and alleges that the defendants, ROBERT JORDAN, PENNY STINTON, and CITY OF KINGSTON, violated his sixth and fourteenth amendment rights by improperly selecting jurors for Kingston City Court proceedings, such that the plaintiff was, and will in the future, be tried by a jury that does not represent a fair cross-section of the community.

The defendants argue that the court should abstain from deciding this case pursuant to the Supreme Court's decision in *Younger v. Harris.*[1]

The court rejects both arguments, and dismisses this case for lack of standing, as more fully set forth below.

### II. DISCUSSION

The court first notes that the plaintiff does not seek to affect any currently pending criminal matters in the city court of Kingston.[2] Rather, the plaintiff seeks to obtain relief relating to expected future criminal matters involving the plaintiff and the Kingston criminal court system.

**Standing**

[redacted] Pursuant to Article III of the U.S. Constitution, those who seek to invoke the power of the federal courts must allege an actual case or controversy. *See Flast v. Cohen,* 392 U.S. 83, 94–101, 88 S.Ct. 1942, 1949–53, 20 L.Ed.2d 947 (1968). As the Supreme Court has explained, the plaintiff "must allege some threatened or actual injury" before a court may assume jurisdiction. *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). "The injury or threat of injury must be both 'real and immediate' not 'conjectural' or 'hypothetical.'" *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974) (*citing, Golden v. Zwickler,* 394 U.S. 103, 109–10, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969).

[redacted] In the instant case, the plaintiff alleges that there is a very real possibility, if not a substantial likelihood that he will face misdemeanor charges before the city court in Kingston in the future. The plaintiff alleges that the jury pool from which juries are selected for such proceedings is the county of Ulster voter registration rolls, not solely the city of Kingston. Since the percentage of black citizens in the city of Kingston is 10% of the population and the percentage of black citizens in Ulster county is 5% of the population, the plaintiff alleges that the juries he will face in the city court of Kingston do not represent a fair cross-section of the community. This "threat" of future injury is alleged to be quite real. The court, however, disagrees.

In *O'Shea, supra,* the Supreme Court declined to confer standing on parties who alleged that "they anticipate violating lawful criminal statutes" in the future "in which event they may appear" in court and "will be affected by the allegedly illegal conduct charged." *O'Shea,* 414 U.S. at 494, 94 S.Ct. at 676. Significantly in *O'Shea,* "[t]he nature of [plaintiff's] activities is not described in detail and *no specific threats are alleged to have been made against [him].*" 414 U.S. at 497, 94 S.Ct. at 677 (emphasis added). Without "'sufficient immediacy and reality' to [the plaintiff's] allegations of future injury" the court will not confer jurisdiction. *Id.,* (*citing, Golden, supra* ). The plaintiff herein

1. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

2. Seeking such relief might well have lead the court to abstain. *See Younger v. Harris, supra.*

**54**

alleges future violations of unspecified sections of the New York Penal Law. Although the plaintiff's past record suggests a certain recidivism, that alone, particularly given that there are no threats of arrest against the plaintiff will not confer standing. Accordingly, the court must dismiss the complaint as against all defendants.

## III. CONCLUSION

For the foregoing reasons, the Court dismisses the plaintiff's complaint in its entirety without prejudice.

**IT IS SO ORDERED.**